IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Alona Brank,<br>*on behalf of herself and others similarly situated*,<br><br>                   Plaintiff,<br><br>        -vs-<br><br>Med1Care, Ltd., et al.,<br><br>                   Defendants. | Case No. 3:22 CV 384<br><br>ORDER GRANTING<br>JOINT MOTION FOR FINAL APPROVAL<br><u>OF CLASS ACTION SETTLEMENT</u><br><br>JUDGE JACK ZOUHARY |

Parties move this Court grant final approval of their Class Action Settlement Agreement ("Agreement") pursuant to Federal Civil Rule 23(e) (Doc. 40). A Record Fairness hearing was held on January 8, 2024. No objections were received. Counsel present: Robi Baishnab for Plaintiff; Roman Arce and Franceska Edinger for Defendants.

Having reviewed the Agreement, as well as the pleadings and declarations, and for good cause, this Court finds as follows:

1. On March 9, 2022, Representative Plaintiff filed this action asserting claims on behalf of herself and others similarly situated under the Fair Labor Standards Act ("FLSA") and the Ohio overtime law, Ohio Rev. Code § 4111.03 (the "Action"). Specifically, Representative Plaintiff alleged violation of the FLSA and Ohio law for failure to pay job-to-job travel that occurred in the same workday, resulting in unpaid overtime during weeks in which 40 or more hours were worked.

2. Defendant denied that it had failed to compensate its employees for all hours worked, denied all alleged violations of law, and asserted affirmative defenses.

3. Parties engaged in arms-length settlement negotiations that were well-informed by a damages analysis and a statistical expected-valuation analysis. The settlement negotiations culminated in a proposed agreement to settle the case on a class-wide basis.

4. This Court granted preliminary approval of the Agreement and ordered that Notice of Class Action Settlement be distributed to the members of the class (Doc. 20).

5. Parties filed a declaration from the Settlement Administrator (Doc. 40-3) verifying notices were distributed in the form and manner approved by this Court. No prospective Class Members objected and only one excluded themselves from the Settlement.

6. This Court finds the members of the Class were given adequate notice of the pendency of this Action, the proposed settlement, and the date of the fairness hearing as previously ordered (Doc. 39). This Court further finds the notice was reasonable and the best notice practicable, satisfying the requirements of Federal Civil Rule 23 and due process.

7. This Court further finds the proposed settlement satisfies the standard for final approval of a class action settlement under Federal Civil Rule 23(e). The proposed settlement class satisfies Rule 23(a) requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b) requirements of predominance and superiority. Representative Plaintiff is an adequate representative of the Class in that she is a member of the Class and possesses the same interests and suffered the same injuries as the other Class members. The Class encompasses persons with like factual circumstances and like claims. The settlement payments made available to the members of the Class are commensurate with their alleged claims.

8. This Court finds the proposed settlement is fair, reasonable, and adequate as to the Class, and qualifies for final approval under Federal Civil Rule 23(e).

9. This Court approves the Agreement and orders it be implemented according to its terms and conditions, including the Global Settlement Amount of **$97,125** be paid by Defendant and distributed in the manner described in the Agreement.

10. This Court approves the Service Award to Representative Plaintiff in the amount of **$2,500**, such payment to be made in the manner, and upon the terms and conditions, set forth in the Agreement.

11. This Court approves the payment of attorney fees of **$32,375** (representing one-third of the Global Settlement Amount) and **$3,863.70** in litigation expenses, such payments to be made in the manner, and upon the terms and conditions, set forth in the Agreement.

12. Representative Plaintiff and the Class Members release claims against Defendant as provided in the Agreement.

13. This Court dismisses this action with prejudice.

14. The Parties shall bear their respective attorney fees and costs except as provided in the Agreement.

15. This Court retains jurisdiction over this Action for the purpose of enforcing the Agreement.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 8, 2024